# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1994 | **DATE** | April 2, 2012 |
| **CASE TITLE** | United States ex rel. Craig Armstrong (#00125673) vs. Alan Angus, et al. | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion to proceed *in forma pauperis* (Doc [3]) is granted. However, the petition for a writ of habeas corpus is summarily dismissed on preliminary review pursuant to 28 U.S.C. §§ 2241(c) and 2243 as well as in accordance with the *Younger* abstention doctrine. The case is terminated. Dismissal is without prejudice to seeking federal habeas review in the event that the petitioner is ultimately convicted. The petitioner's motion for appointment of counsel (Doc [4]) is denied as moot.

■ [**For further details see text below.**]    Docketing to mail notices.

## STATEMENT

Craig Armstrong, a detainee at the DuPage County Jail, has filed a *pro se* petition for a writ of habeas corpus, presumably pursuant to 28 U.S.C. § 2241. The petitioner challenges a pending prosecution, arguing that: (1) he has been denied a speedy trial; (2) he is being subjected to double jeopardy; and (3) the trial court erred in allowing prosecutors to re-indict him rather than dismissing the charges altogether based on a defective indictment.

Petitioner filed a motion to pursue his habeas petition *in forma pauperis* and a motion for appointment of counsel. Having shown that he is indigent, the petitioner's motion for leave to proceed *in forma pauperis* is granted. However, the habeas petition is summarily dismissed on preliminary review for failure to exhaust state court remedies prior to filing suit, as well as pursuant to the *Younger* abstention doctrine.

Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief sparingly. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979); *Thomas v. Cook County Corrections*, No. 10 C 4484, 2010 WL 2990178, *2 (N.D. Ill. Jul. 22, 2010) (Bucklo, J.). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973) (citation omitted); *Thomas*, 2010 WL 2990178, at *2. Furthermore, while applicants for habeas relief under Section 2241 are not subject to the statutory requirement of exhaustion of remedies, "federal courts
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991). The exhaustion doctrine requires a petitioner to use available state procedures to pursue his or her claim before seeking federal habeas corpus relief, "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2005) (citations omitted).

To provide the State with the necessary " opportunity," the prisoner must "fairly present" his or her claim at each level of review in the state court system (including a state supreme court with powers of discretionary review) so that the state courts are alerted to the federal nature of the claim. *Id.* In most cases, courts will not consider claims that can be raised at trial and in subsequent state proceedings. Here, the petitioner admits that he has not exhausted state court remedies. As the petitioner has not exhausted state court remedies, his federal habeas petition is not ripe for review.

Furthermore, irrespective of exhaustion concerns, federal courts are largely prohibited from interfering in pending state criminal proceedings in deference to principles of equity, comity, and federalism. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *Dombrowski v. Pfister*, 380 U.S. 479 (1965); *Village of Depue, Illinois v. Exxcon Mobile Corp.*, 537 F.3d 775, 783 (7th Cir. 2008). In determining whether to apply abstention principles *sua sponte*, a court considers three factors: (1) whether judicial proceedings are ongoing; (2) whether the judicial proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state court proceeding to raise constitutional challenges. *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996). This case appears to meet the criteria for *Younger* abstention, as petitioner's case is still pending in state court and he therefore has an adequate opportunity in the those proceedings to raise his constitutional challenges. Additionally, the Court is not satisfied that any "extraordinary" circumstances, such as official bad faith or harassment involved in the enforcement of state laws, exist so as to justify an exception to the abstention rule. *See Younger*, 401 U.S. at 4; *Arkebauer v. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993); *Lamar Whiteco Outdoor Corp. v. City of West Chi.*, No. 00 C 1994, 2001 WL 476596, *1 (N.D. Ill. May 2, 2001) (Grady, J.). Under the facts of this case, the Court discerns no basis for intervening in petitioner's ongoing state criminal proceedings.

For the foregoing reasons, the petition for a writ of habeas corpus is summarily dismissed on preliminary review pursuant to 28 U.S.C. §§ 2241(c) and 2243. The petitioner has not exhausted state court remedies, and the Court further finds that the petition must be dismissed pursuant to *Younger*. The case is terminated. Dismissal is without prejudice to seeking federal habeas review in the event that the petitioner is convicted (and has exhausted available state court remedies).